Judge STUCKY,
concurring in the result.
I agree with Judge Sparks that the Government’s petition for the writ was not an interlocutory appeal under Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 (2012), that both the Court of Criminal Appeals and this Court have jurisdiction to consider the issue, and the action of paying Appellant at the E-l rate pending his rehearing did not amount to illegal pretrial punishment. I disagree, however, with the conclusion that the military judge did not “clearly and indisputably err in not following the Article III courts’ interpretation of Article 75(a), UCMJ.” United States v. Howell, 75 M.J. 386, 392 (10) (C.A.A.F.2016).
The military judge quite properly recognized that he had no authority to order any particular military pay action with regard to Appellant, and took the alternative of awarding confinement credit. However, the military judge took this action because he had an underlying disagreement with the interpretation of the restoration provisions of Article 75(a) contained in Dock v. United States, 46 F.3d 1083, 1087-88 (Fed.Cir.1995), and Combs v. United States, 50 Fed.Cl. 592, 600 (Fed.Cl.2001). Congress has given jurisdiction over pay claims to these Article III and Article I courts, see 28 U.S.C. § 1491(a) and § 1295(a) (2012). In my opinion, the decisions of those courts, within their jurisdiction, are binding on us. I would therefore answer Certified Issue II in the affirmative and would refrain from answering Certified Issue III.
I concur in the result.